IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEVI BAKER, on behalf of himself and all
others similarly situated                                                                        PLAINTIFFS

VERSUS                                                 CIVIL ACTION NO. 1:04cv137WJG-JMR

WASHINGTON MUTUAL FINANCE
GROUP, LLC; and WASHINGTON
MUTUAL FINANCE OF MISSISSIPPI, LLC                                            DEFENDANTS

O R D E R

THIS CAUSE is before the Court on motions [165-1, 166-1] of Brian H. Neely, counsel of record of William Agnew and others. According to Neely, the clients he represented were included as a part of the class settlement. (Ct. R., Doc. 166, p. 2.) He did not receive notice of the request for attorney fees claims from this Court. (*Id*.) He seeks compensation for his work, and certain fees accumulated in his clients cases. (*Id*., p. 3.)

Neely asserts that his standard billing rate is $225.00 per hour, and maintains that he spent 667 hours working on the suit. (*Id*.) He has provided docket sheets for the case, some pleadings, an invoice presumably for work performed, and a copy of a hotel bill. (Ct. R., Doc. 166-2.) Neely seeks an award of $150,075; which includes a request of $16,620.50 in expert fees and $140 in travel expenses. (Ct. R., Doc. 166, p. 4.) No other documentation is provided.

The Court has examined the appeal record for this case, including the docket sheets for the case as it progressed in the Northern District of Mississippi. (Appeals Record and Docket Sheet.) On September 25, 2002, the court entered an ordered granting Defendant Washington

Mutual Finance Group, L.L.C.'s motion to compel testimony. (1:01cv206-MPM, N.D. Miss., Ct. R., Doc. 47.) In Northern District case, Plaintiffs were ordered to pay defendant's reasonable attorney's fees and expenses, as related to the motion. (*Id*.) This Court finds no reason to order the Defendants to pay this fee applicant for time involved or for expenses which the Northern District has previously addressed. (*Id*.) As an initial finding and based on the finding by the Northern District, the Court will reduce the total attorney fee request by 10%, or $15,007.50, which leaves a remaining possible award of $135,067.50.

"[T]he party seeking reimbursement of attorneys' fees . . . has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990); *Walker v. City of Mesquite,* 313 F.3d 246, 251 (5th Cir. 2002). Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. *Walker,* 313 F.3d at 251. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment. *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002). At all times, "the applicant should exercise 'billing judgment' with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Hensley* v. *Eckerhart*, 461 U.S. 424, 436 (1983).

The Court may deduct or reduce hours when the supporting documentation is of the hours claimed is "vague or incomplete." *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995); *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). As explained in

*Kellstrom,* "[l]itigants take their chances" by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent, or when submitting "inadequately documented fee applications which provide little information from which to determine the reasonableness of the hours expended on tasks vaguely described or lumped together." *Walker v. HUD,* 99 F.3d 761, 773 (5th Cir. 1996); *Kellstrom*, 50 F.3d at 327. When a party submits a fee application without proper documentation, the court has the discretion to reduce the award to a reasonable amount. *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 500-1 (5th Cir. 2001); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

  The above explanation describes Neely's fee application which fails to provide an outline of the work performed, and merely relies on a listing of clients and possible deposition dates, along with an illegible copy of the docket sheet from the case to substantiate the work performed in the case. (Ct. R., Docs. 159, 165.)  There is no indication whether Neely or some other member of the staff performed the work, or how much time was expended on work outlined in the docket sheet.

  Concerning his request for Court, the Court again finds a lack of explanation or documentation.  Regarding Neely's claim for expert fees, Neely has failed to explain who the expert in this case was, or why an expert was necessary in this case.  The Court cannot award an expert fee without further substantiation of the need for an expert. *See United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 575 (5th Cir. 2005).  "When a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Crawford*

*Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987). The Court, therefore, concludes that Neely's request for expert fees should be denied.

Likewise, although Neely includes a submission for hotel expenses for a trip to Florida for depositions, he does not indicate who was being deposed at that place nor does he explain the purpose for the deposition. (Ct. R., Doc. 166-4.) The Court therefore finds that Neely's request for reimbursement of $140 for hotel expenses should be denied.

The Court will consider the following other factors in determining an appropriate fee award.

I.      Exercise of Billing Judgment

Billing judgment requires documentation of the hours charged and is usually shown by the attorney writing off unproductive, excessive, or redundant hours. The remedy available to the court for counsel failing to exercise billing judgment is to reduce the hours awarded by a percentage. *Green*, 284 F.3d at 662; *Walker,* 99 F.3d at 770. When there is scant – or no – evidence of counsel's exercise of billing judgment, "the proper remedy . . . is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Hopwood v. State of Tex.*, 236 F.3d 256, 279 (5th Cir. 2000). A party seeking attorney's fees is charged with the burden of showing the reasonableness of the hours billed. *Walker,* 313 F.3d at 251. As stated previously, billing judgment requires <u>documentation</u> of the hours charged and of the hours written off as unproductive, excessive, or redundant. *Green,* 284 F.3d at 662. Counsel has failed to provide such documentation in this case, and the Court is simply not required to guess at such documentation. *See Saizan*, 448 F.3d at 799.

II.      Travel Time

Courts typically compensate travel time at 50% of the attorney's rate in the absence of documentation that any legal work was accomplished during travel time. *Watkins,* 7 F.3d at 459; *Smith v. Walthall Co.,* 157 F.R.D. 388, 393 (S.D. Miss. 1994). Neely did not provide this type of documentation. There is also no documentation of how much of the requested time spent on these claims involved travel by Neely.

III.     Type of Work Performed

It is also appropriate to distinguish between legal tasks that clearly require an attorney's skill, and other tasks such as investigation, clerical work, compilation of facts and statistics; work which often can be accomplished by non-lawyers but which a lawyer may do because he/she has no other help available, or simply because he/she wishes to perform a specific task. "[The] dollar value [of work performed] is not enhanced just because a lawyer does it." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989); *Walker*, 99 F.3d at 771. Clerical work which does not require the skill of an attorney, but which an attorney nevertheless performs, may be compensated at a lesser rate than the attorney's customary hourly rate. *Cruz v. Hauck,* 762 F.2d 1230, 1235 (5th Cir. 1985). It is also reasonable to assume that a more experienced attorney will take less time to accomplish a routine task than it would take a novice attorney, so a reduction in time may be appropriate depending on the attorney's experience. *See League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1234 (5th Cir. 1997).

Time spent on such tasks as letters to accompany motions for filing, and review of lists should be compensated at the lesser rate as these are clerical duties that could have been handled by non-lawyers. Work of this nature is generally allowed at the paralegal billing rate. There is

no way to determine if any work performed by Neely fits into this framework.  Accordingly, the Court will use it's best efforts to reconcile the information provided in the request in determining a fee award which reflects this consideration.

IV.     *Johnson* Factors

The Court also utilizes the factors outlined in *Johnson v. Georgia Highway Express, Inc.*[1], to determine if a fee request is reasonable.  The *Johnson* factors include consideration of: (1) time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) is the fee fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson,* 488 F.2d at 717-19).  The *Johnson* analysis need not be meticulously detailed, but must articulate and clearly apply the *Johnson* criteria.  *Kellstrom,* 50 F.3d at 331; *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996).

The Court has found that the difficulty and novelty of the matters in this case are minimal, and recognizes that Neely has the skill needed to effectively perform services to his clients.  His requested hourly rate is commiserate with the awards given to the other attorneys involved in this case and reflective of his experience, and similar to other awards in this type of case.  The time limitations and preclusion of other employment is not a major factor in

---

[1] 488 F.2d 714 (5th Cir. 1974).

determining the fee award in this case.  The Court is unable to assess the nature and length of any professional relationship Neely may have with these clients.

Although the Court recognizes that many hours may have been expended by the firm on behalf of its clients, the failure to provide billing records to allow meaningful review of the time spent, to determine the status of the performed and to verify that the work performed in connection with the claims encompassed by this settlement results in the Court concluding that the remainder of Neely's fee application should be reduced by 35%.  *See Roscoe*, 119 F.3d at 1233.  Following this deduction, the remaining possible fee award for Neely is $87,793.87.  It is therefore;

ORDERED that Neely's motions for fees [165-1, 166-1] be, and are hereby, granted to the extent set forth herein.  It is further,

ORDERED that Neely's fee award is $87,793.87.  It is further,

ORDERED that each party bear its respective costs associated with this motion.

SO ORDERED  this the 13th day of September, 2007.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE