IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEVI BAKER, on behalf of himself and
all others similarly situated                                                                PLAINTIFFS

VERSUS                                                          CIVIL ACTION NO. 1:04cv137WJG-JMR

WASHINGTON MUTUAL FINANCE
GROUP, LLC; and WASHINGTON
MUTUAL FINANCE OF MISSISSIPPI, LLC                                              DEFENDANTS

O R D E R

THIS CAUSE is before the Court *sua sponte*, to clarify an order dated July 6, 2007, which included an attorney fee award to bankruptcy trustees involved in this lawsuit in the amount of $100,000. (Ct. R., Doc. 164, pp. 9-10.)  Following a motion for clarification of settlement administration filed by Washington Mutual Finance Group, LLC and Washington Mutual Finance group of Mississippi LLC [collectively, Washington Mutual], the Court reviewed a submission from the trustees seeking payment for work performed on behalf of the settlement class.  (Ct. R., Doc. 170.)  As a result, the Court sought clarification of the submission presented by the bankruptcy trustees in this case.  (*Id*.)  Following receipt of the clarification materials, (Ct. R., Doc. 171), the Court finds as follows.

The Court sought clarification of the submission presented by the bankruptcy trustees in this case.  Harold J. Barkley, Sr.,  requests that the law firms of Harold J. Barkley, Jr., and Michael G. Pond receive payment in the amount of $100,000 for work performed in connection with the Washington Mutual Finance Group [Washington Mutual] litigation.  (Ct. R., Doc. 171, pp. 22-23.)

Pond has submitted his fee request with a billing rate of $275.00 per hour, and has outlined that he spent 146.5 hours working on the suit.  (Ct. R., Doc. 171, pp. 16-174.)  He has provided a two page

summary of work performed in the case.  (*Id*.)  Many of his entries match the entries provided by Barkley and Todd Johns, a member of Barkley's firm.  (*Id*.)  Pond's fee request totals $40,287.50.  (*Id*.)

Barkley and Johns submitted requests for fees and expenses in connection with the City Finance litigation.  (Ct. R., Doc. 171, pp. 2-15.)  There is no breakdown of hourly rates for these attorneys and much of the work of one attorney overlaps the work of the other.  (*Id*.)  The Court will review each of the fee submissions according to the guidelines used in determining the appropriate award and fees for the other attorneys who worked on this case.

I.   Number of Hours Claimed

The instant suit was originally filed on March 23, 2004.  (Ct. R., Civil Cover Sheet.)  The attorneys presented a reconciliation of the time spent on lawsuits related to this case listed in chronological order, along with a breakdown of time spent on each task.  The Barkley attorneys did not provide an estimate for an hourly rate although Pond, as previously stated, has requested   $275 per hour.  Because the Court has previously determined that senior attorneys in this case should be compensated at the rate of $225 per hour, this amount will be used for each of the three attorneys submitting claims in this motion.

The time and labor required as submitted by the attorneys may be altered by the district court upon consideration of the documents presented and the circumstances surrounding the case.  *Hensley v. Eckerhart*, 461 U.S. 424, 433-7 (1983).  The fee applicant bears the burden of proving the reasonableness of the hours expended and is under a duty to segregate his fees.  *Mota v. University of Tex.,* 261 F.3d 512, 528 (5th Cir. 2001); *United States v. Reid & Gary Strickland Co.*, 161 F.3d 915, 919 (5th Cir. 1998), *reh'g denied* January 4, 1999.

Courts should examine both whether the total number of hours claimed is reasonable and whether specific hours claimed were reasonably expended.  *League of United Latin Am. Citizens No. 4552 v. Roscoe Ind. Sch. Dist.,* 119 F.3d 1228, 1232 (5th Cir. 1997).  Any hours not reasonably

expended, or which are excessive or duplicative, should be excluded from consideration. *See Hensley,* 461 U.S. at 434; *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). The Court may also deduct or reduce hours when the supporting documentation for the hours claimed is "vague or incomplete." *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995); *Watkins,* 7 F.3d at 457. As explained in *Kellstrom,* "[l]itigants take their chances" by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent, or when submitting "inadequately documented fee applications which provide little information from which to determine the reasonableness of the hours expended on tasks vaguely described or lumped together." *Walker v. HUD,* 99 F.3d 761, 773 (5th Cir. 1996); *Kellstrom*, 50 F.3d at 327. When a party submits a fee application without proper documentation, the court has the discretion to reduce the award to a reasonable amount. *No Barriers, Inc. v. Brinker Chili's Texas, Inc*., 262 F.3d 496, 500-1 (5th Cir. 2001).

To determine the number of hours reasonably expended on a case, a fee applicant must show that billing judgment was exercised. *Walker,* 99 F.3d at 769; *Hensley,* 461 U.S. at 437; *Saizan*, 448 F.3d at 800. Billing judgment requires documentation of the hours charged and is usually shown by the attorney writing off unproductive, excessive, or redundant hours. The remedy available to the Court for counsel failing to exercise billing judgment is the reduction of the hours awarded by a percentage. *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002); *Walker*, 99 F.3d at 770. When there is no or scanty evidence of billing judgment, "the proper remedy . . . is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." *Hopwood v. State of Texas*, 236 F.3d 256, 279 (5th Cir. 2000).

The Court finds the attorneys did not provide evidence billing judgment. The determination of whether the applicant's reported hours are repetitive and duplicative is a finding of fact by the district court. *Cooper v. Pentecost,* 77 F.3d 829 (5th Cir. 1996). In this case, because there is no evidence that the attorneys utilized billing judgment, the Court finds that the final award for each attorney should be

reduced to eliminate excessive or duplicative hours.  *Leroy v. City of Houston*, 831 F.2d 576, 585 n.15 (5th Cir. 1987).

This analysis must be carried further, because in addition to excessive and duplicative hours within a particular firm, the Court found duplicative hours claimed between the attorneys from different law firms.  Numerous instances of duplication within the fee requests submitted by Johns, Pond and Barkley, Jr., were found, including such entries as reviewing notice of a change of address for a law firm, reviewing an order granting a motion to continue, reviewing motions and orders from other attorneys, reviewing orders from the Court, among other similar entries.  (Ct. R., Doc. 171.)

The Court finds that fees should not be allowed for excessive, redundant, insufficiently documented or unnecessary hours expended on developing this case.  *Hensley*, 461 U.S. at 434; *Green*, 284 F.2d at 662.  Excessive time spent preparing and reviewing briefs and letters sent by parties or the court, research time, and like items which are properly included as overhead in the attorney's hourly rates will also be eliminated.  *See Cooper*, 77 F.3d at 832.  In addition, fees requested for duplicated and repeated work and "intraoffice conferences" will not be awarded.  *Riley*, 99 F.3d at 760.  The claims also include requests for payment to multiple attorneys for the same tasks.  Although some lawsuits may require the work of multiple lawyers, work on each aspect of the case by each attorney and billing at maximum rates is unnecessary.  *See i.e. Rappaport v. State Farm Lloyds*, 275 F.3d 1079 (5th Cir. 2001). In addition, the Court finds that Washington Mutual should not be required to pay for time spent on administrative matters, such as  "conversations with attorneys regarding City Finance litigation" and "conference with co-counsel on the need to file our applications for attorney fees and expenses." *Barrilleaux v. Thayer Lodging Group, Inc.,* 1999 WL 397958, at *2 (E.D. La. 1999).

A number of hours were expended familiarizing the attorneys with the law, time spent consulting with individuals concerning cases in general, and time spent researching in the library.  Quite simply, attorneys cannot charge Washington Mutual for staying current in class action law.  *Alberti v.*

*Klevenhagen,* 896 F.2d 927, 933-4 (5th Cir.), *vacated in part on other grounds,* 903 F.2d 352 (5th Cir. 1990); *Operation Push v. Mabus*, 788 F. Supp. 1406, 1420 (S.D. Miss. 1992); *Walker*, 99 F.3d at 769. Those hours were deducted or greatly reduced from each of the fee applications.

Based on these guidelines, the fee requests submitted by the attorneys were reduced by the Court to remove time spent in these activities from the fee applications. The Court will make further adjustments to the fee requests as follows.

II.     Travel Time

Courts typically compensate travel time at 50% of the attorney's hourly rate in the absence of documentation that any legal work was accomplished during travel time. *Watkins,* 7 F.3d at 459; *Smith v. Walthall Co.,* 157 F.R.D. 388, 393 (S.D. Miss. 1994). None of the attorneys provided this type of documentation. As such, the Court finds that any award for time listed as travel to or from a location on an attorney's fee reconciliation should be reduced by 50%.

III.    Type of Work Performed

It is also appropriate to distinguish between legal tasks that clearly require an attorney's skill, and other tasks such as investigation, clerical work, compilation of facts and statistics; work which often can be accomplished by non-lawyers but which a lawyer may do because he/she has no other help available, or simply because he/she wishes to perform a specific task. "[The] dollar value [of work performed] is not enhanced just because a lawyer does it." *Missouri v. Jenkins*, 491 U.S. 274, 285 (1989); *Walker*, 99 F.3d at 771. Clerical work which does not require the skill of an attorney, but which an attorney nevertheless performs, may be compensated at a lesser rate than the attorney's customary hourly rate. *Cruz v. Hauck,* 762 F.2d 1230, 1235 (5th Cir. 1985). It is also reasonable to assume that a more experienced attorney will take less time to accomplish a routine task than it would take a novice attorney, so a reduction in time may be appropriate depending on the attorney's experience. *See League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist*., 119 F.3d 1228, 1234 (5th Cir. 1997).

Time spent on such tasks as letters to accompany motions for filing, and review of lists should be compensated at the lesser rate as these are clerical duties that could have been handled by non-lawyers. Work of this nature is generally allowed at the paralegal billing rate. The fee reconciliations will be reduced to reflect this factor.

IV. *Johnson* Factors

The Court also utilizes the factors outlined in *Johnson v. Georgia Highway Express, Inc.*[1], to determine if a fee request is reasonable. The *Johnson* factors include consideration of: (1) time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) is the fee fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Johnson,* 488 F.2d at 717-19). The *Johnson* analysis need not be meticulously detailed, but must articulate and clearly apply the *Johnson* criteria. *Kellstrom,* 50 F.3d at 331; *Riley v. City of Jackson, Miss*., 99 F.3d 757, 760 (5th Cir. 1996).

The Court has found that the difficulty and novelty of the matters in this case are minimal, and recognizes that these attorneys have the skill needed to effectively perform services to their clients. The approved hourly rate is commensurate with the awards given to the other attorneys involved in this case and reflective of their experience, and similar to other awards in this type of case. The time limitations and preclusion of other employment is not a major factor in determining the fee award in this case. The Court is unable to assess the nature and length of any professional relationship the attorneys may have

---

[1] 488 F.2d 714 (5th Cir. 1974).

with these clients. As a result, the Court finds that no further variance in the hourly rates need be made under *Johnson*.

V.      Costs

The Barkley firm included a breakdown of costs incurred in this litigation. (Ct. R., Doc. 171, Exh. B.) Certain properly itemized litigation expenses can be awarded to a prevailing party. FED. R. CIV. P. 54(d)(1). The taxable costs are listed in 28 U.S.C. § 1920, although a federal court may award litigation expenses beyond those listed in section 1920. *See* FED. R. CIV. P. 54(d)(2). "[W]hile an award of costs to a prevailing party is usual, the inclusion of various items within that award is within the discretion of the trial judge." *Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir. 1977). The Court has carefully reviewed the requested costs and has found deficiencies in the fee request.

The total requested costs were $13,563.77. (Ct. R., Doc. 171, p. 21.) Included in the request were amounts for postage, meals, mileage, copies, labor, and miscellaneous expenses. (Ct. R., Doc. 171, pp. 18-21.)

The attorneys listed the cost of secretarial help as part of their costs. These fees are not properly recoverable as costs. *See Jenkins*, 491 U.S. at 285. In general, costs of secretarial help "whose labor contributes to the work product for which an attorney bills the client" is included as part of the attorney's fee request, which accounts not only for the work of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills the client; along with other expenses and profit. *See Chemical Mfrs. Ass'n v. U.S. EPA*, 885 F.2d 1276, 1281 (5th Cir. 1989). The Court finds that the request for $6,817.25 for secretarial assistance by certain individuals is not properly recoverable and should be denied. Following the removal of the amount requested for secretarial costs, there remains a possible award of $6,746.52 for costs.

A party may be awarded costs for exemplification and copies of papers necessary for use in the case. 28 U.S.C. § 1920(4). Multiple costs of documents prepared for the convenience, preparation,

research, or records of counsel of the trial attorneys are not allowable.  *See Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991).  This would include charges for multiple copies of documents, attorney correspondence, and other such items.  *See Studiengesellschaft Kohle v. Eastman Kodak*, 713 F.2d 128, 133 (5th Cir. 1983).  A party seeking recovery of items of cost must show that photocopies were necessary and provided either to the court or the opposing party.  *Fogleman*, 920 F.2d at 286; *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999).  The attorneys have not provided substantiation for the photocopy charges listed as expenses in this case.  In addition, part of the expenses are listed as "estimated costs and expenses for postage and copies" for the Northern and Southern District litigation.  When substantiation was presented to support a request for costs, the itemization of copying costs does not identify the charges as necessary for use in the litigation.  *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).

    Accordingly, rather than require further substantiation for costs of photocopies listed in the reconciliation, the Court will eliminate the estimated request for the cost of photocopies and/or printing sought and allow the remaining request submitted by the firm.  The total amount requested for photocopies was $3,612.95.  (Ct. R., Doc. 171, p. 21.)  The remaining possible award for costs of $6,746.52, following the deduction for secretarial costs, when reduced by the requested copy costs of $3,612.95, leaves an award for costs of $3,133.30.  The Court had previously determined that the award to the bankruptcy trustee attorneys should receive a possible fee award of $100,000.00.  (Ct. R., Doc. 164, pp. 9-10.)  After the $100,000.00 award is reduced by the award for costs, the remainder of the award is $96, 866.70.  This amount will be divided between the three individual attorneys that provided work for the bankruptcy trustee, which provides an award of $32,288.90, for each of the three attorneys.

    In addition, the attorneys, including Harold Barkley, Sr., who were granted a contingency fee award by the Bankruptcy courts for the Northern and Southern Districts of Mississippi shall be compensated as outlined by the orders of the respective bankruptcy courts, and shall be responsible for

administering these awards accordingly.  No further fee or award shall be granted in this case.  It is, therefore,

ORDERED that Barkley, Jr., Pond and Todd each receive a fee award of $32,288.90.  It is further,

ORDERED that the Barkley law firm receive an award for costs of $3,133.30.  It is further,

ORDERED that any attorney, including Harold Barkley, Sr., due a contingency fee based on the orders entered by the Bankruptcy Courts for Northern and Southern Districts be responsible for administering that award as outlined by the bankruptcy courts.  It is further,

ORDERED that each party bear its respective costs, if any, in conjunction with this ruling.

SO ORDERED  this the 8th day of February, 2008.


*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE